Amy B. Vandeveld, SBN 137904
LAW OFFICES OF AMY B. VANDEVELD
1850 Fifth Avenue, Suite 22
San Diego, California 92101
Telephone: (619) 231-8883
Facsimile: (619) 231-8329

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREL SPIKES,<br><br>          Plaintiff,<br><br>vs.<br><br>CAR HEALTH PLAN, INC.; NATIONAL CITY COMMERCIAL CENTER, LLC  and DOES 1 THROUGH 10, Inclusive,<br><br>          Defendants. | Case No.: 08 CV 0353 JAH (WMc)<br><br>**FIRST AMENDED CIVIL COMPLAINT**<br><br>DEMAND FOR JURY TRIAL [F.R.C.P. §38(b); Local Rule 38.1] |

Plaintiff, KAREL SPIKES (hereinafter referred to as "Plaintiff"), file this cause of action against Defendants CAR HEALTH PLAN, INC.(hereinafter "CAR HEALTH PLAN"), NATIONAL CITY COMMERCIAL CENTER, LLC (hereinafter "NATIONAL CITY COMMERCIAL CENTER") and DOES 1 THROUGH 10, Inclusive, and would show unto the Court the following:

I.

**JURISDICTION AND VENUE**

1.   This Court has original jurisdiction of this civil action pursuant to 28 USC §1331, 28 USC §§1343(a)(3) and 1343(a)(4) for claims arising under the Americans with Disabilities Act of 1990, 42 USC §12101 et seq. and the Court's

1 supplemental jurisdiction, 28 USC §1367.

2. Venue in this Court is proper pursuant to 28 USC §§1391(b) and (c).

3. Pursuant to 28 USC §1367(a), Plaintiff shall assert all causes of action based on state law, as plead in this complaint, under the supplemental jurisdiction of the federal court. All the causes of action based on federal law and those based on state law, as herein stated, arose from a common nuclei of operative fact. That is, Plaintiff was denied equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws and/or was injured due to violations of federal and state access laws. The state actions of Plaintiff are so related to the federal actions that they form part of the same case or controversy. The actions would ordinarily be expected to be tried in one judicial proceeding.

## II.

### THE PARTIES

4. Defendant CAR HEALTH PLAN is, and at all times mentioned herein was, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California. CAR HEALTH PLAN is located at 1504 and 1532 National City Boulevard, National City, CA (hereinafter "the subject property".) Plaintiff is informed and believes and thereon alleges that Defendant CAR HEALTH PLAN is, and at all times mentioned herein was, the owner, lessor or lessee of the subject property and/or the owner and/or operator of the public accommodation located at the subject property.

5. Defendant NATIONAL CITY COMMERCIAL CENTER is, and at

1 all times mentioned herein was, a business or corporation or
2 franchise organized and existing and/or doing business under the
3 laws of the State of California.  Plaintiff is informed and
4 believes and thereon alleges that Defendant NATIONAL CITY
5 COMMERCIAL CENTER is, and at all times mentioned herein was, the
6 owner, lessor or lessee of the subject property.
7        6.    Plaintiff is informed and believes, and thereon
8 alleges, that Defendants and each of them herein were, at all
9 times relevant to the action, the owners, franchisees, lessees,
10 general partners, limited partners, agents, employees,
11 employers, representing partners, subsidiaries, parent
12 companies, joint venturers and/or divisions of the remaining
13 Defendants and were acting within the course and scope of that
14 relationship.  Plaintiff is further informed and believes, and
15 thereon alleges, that each of the Defendants herein gave
16 consent to, ratified, and/or authorized the acts alleged herein
17 of each of the remaining Defendants.
18        7.    Plaintiff is an otherwise qualified disabled
19 individual as provided in the Americans with Disabilities Act
20 of 1990, 42 USC §12102, Part 5.5 of the California Health &
21 Safety Code and the California Unruh Civil Rights Act, §§51, et
22 seq., 52, et seq., the California Disabled Persons Act, §§54,
23 et seq., and other statutory measures which refer to the
24 protection of the rights of "physically disabled persons."
25 Plaintiff visited the public accommodation owned and/or
26 operated by Defendants and/or located at the subject property
27 for the purpose of availing himself of the goods, services,
28 facilities, privileges, advantages, or accommodations operated

and/or owned by Defendants and/or located on the subject property.

8. Plaintiff is informed and believes and thereon alleges that the subject facility has been newly constructed and/or underwent remodeling, repairs, or alterations since 1971, and that Defendants have failed to comply with California access standards which applied at the time of each such new construction and/or alteration.

## III.
## FACTS

9. Plaintiff has a mobility impairment and uses a wheelchair. Moreover, he has had a history of or has been classified as having a physical impairment, as required by 42 USC §12102(2)(A).

10. On or about July 26, 2007 and continuing through the present date, Plaintiff was denied full and equal access to the facilities owned and/or operated by the Defendants because the facility and/or subject property were inaccessible to members of the disabled community who use wheelchairs for mobility. Plaintiff was denied full and equal access to portions of the property because of barriers which included, but are not limited to, inaccessible path of travel, inaccessible cashier counter, inaccessible restroom facilities and lack of an accessible parking space, as well as lack of signage for said space. Plaintiff was also denied full and equal access because of discriminatory policies and practices regarding accommodating people with disabilities. Plaintiff filed this lawsuit to compel compliance with access laws and regulations.

11. As a result of Defendants' failure to remove architectural barriers, Plaintiff suffered injuries. People with disabilities, because of the existing barriers, are denied full and equal access to the Defendants' facilities. The ADA has been in effect for more than 16 years. Given the vast availability of information about ADA obligations, including FREE documents which are available from the U.S. Department of Justice by calling (800) 514-0301 or at the following web sites: **www.sba.gov/ada/smbusgd.pdf**, **www.ada.gov/taxpack.pdf** and **www.usdoj.gov/crt/ada**, the failure of Defendants to comply with their barrier removal obligations is contemptible.

12. Plaintiff is an otherwise qualified individual as provided in the Americans with Disabilities Act or 1990, 42 USC §12102, the Rehabilitation Act of 1973, Section 504 (as amended 29 USC §794) and the California Unruh Civil Rights Act, Civil Code §§51, 52, 54.1, and 54.3, and other statutory measures which refer to the protection of the rights of "physically disabled persons." Plaintiff visited the public facilities owned and operated by Defendants for the purpose of availing himself of the goods and services offered and provided by Defendants and/or for the purpose of obtaining removal of architectural barriers and/or modification of policies, practices and procedures to provide accessibility to people with disabilities. Plaintiff was injured in fact, as set forth more specifically herein.

13. Plaintiff alleges that Defendants will continue to operate public accommodations which are inaccessible to him and to other individuals with disabilities. Pursuant to 42 USC

§12188(a), Defendants are required to remove architectural barriers to their existing facilities.

14.  Plaintiff has no adequate remedy at law for the injuries currently being suffered in that money damages will not adequately compensate Plaintiff for the amount of harm suffered as a result of exclusion from participation in the economic and social life of this state.

15.  Plaintiff believes that architectural barriers precluding Plaintiff full and equal access of the public accommodation will continue to exist at Plaintiff's future visits, which will result in future discrimination of Plaintiff, in violation of the Americans with Disabilities Act. Plaintiff is currently being subjected to discrimination because Plaintiff cannot make use of and obtain full and equal access to the facilities, goods and/or services offered by Defendants to the general public.  Plaintiff seeks damages for each offense relating to each of Plaintiff's visits to the subject property when Plaintiff was denied full and equal access to the subject property or was deterred from attempting to avail himself of the benefits, goods, services, privileges and advantages of the place of public accommodation at the subject property because of continuing barriers to full and equal access.

IV.

**FIRST CLAIM FOR
VIOLATION OF AMERICAN WITH DISABILITIES ACT
42 USC §12101, et seq.**

16.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 15,

inclusive, as though set forth fully herein.

17. Plaintiff was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased and/or operated by Defendants, in violation of 42 USC §12182(a). Plaintiff was, therefore, subjected to discrimination and is entitled to injunctive relief pursuant to 42 USC §12188 as a result of the actions or inaction of Defendants.

18. Among other remedies, Plaintiff seeks an injunctive order requiring compliance with state and federal access laws for all access violations which exist at the property, requiring removal of architectural barriers and other relief as the court may deem proper. Plaintiff also seeks any other order that will redress the discrimination to which he has been subjected, is being subjected and/or will be subjected.

V.

### SECOND CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE

19. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 18, inclusive, as though set forth fully herein.

20. Based on the facts plead hereinabove and elsewhere in this complaint, Defendants did, and continue to, discriminate against Plaintiff and persons similarly situated by denying disabled persons full and equal access to and enjoyment of the subject facilities and of Defendants' goods, services, facilities, privileges, advantages or accommodations within a

1  public accommodation, in violation of California Civil Code
2  §§51, et seq., 52, et seq., and 54, et seq.
3       21.  Defendants' actions constitute a violation of
4  Plaintiff's rights under California Civil Code §§51, et seq.,
5  52, et seq., and 54, et seq. and therefore Plaintiff is
6  entitled to injunctive relief remedying all such violations of
7  California access laws and standards.  In addition, Plaintiff
8  is entitled to damages under California Civil Code §54.3 for
9  each offense.  The amount of damages suffered by Plaintiff is
10 not yet determined.  When the amount is ascertained, Plaintiff
11 will ask the Court for leave to amend this complaint to reflect
12 this amount.  Plaintiff is also entitled to and requests
13 attorneys' fees and costs.
14      22.  The actions of Defendants were and are in violation of
15 the Unruh Civil Rights Act, California Civil Code §§51, et seq.
16 and therefore Plaintiff is entitled to injunctive relief
17 remedying all such violations of California access laws and
18 standards.  In addition, Plaintiff is entitled to damages under
19 California Civil Code §52 for each offense.  The amount of
20 damages suffered by Plaintiff is not yet determined.  When the
21 amount is ascertained, Plaintiff will ask the Court for leave
22 to amend this complaint to reflect this amount.
23      23.  Plaintiff seeks all of the relief available to him
24 under Civil Code §§51, 52 et seq., 54, 54.1, 54.2, 54.3, and
25 any other Civil Code Sections which provide relief for the
26 discrimination suffered by Plaintiff, including damages and
27 attorneys fees.
28 ///

## VI.

### THIRD CLAIM FOR VIOLATION OF HEALTH AND SAFETY CODE §19950, ET SEQ.

24. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 23, inclusive, as though set forth fully herein.

25. Defendants' facilities are public accommodations within the meaning of Health and Safety Code §19950, et seq., and Plaintiff is informed and believes and thereon alleges that Defendants have newly built or altered the subject property and/or the subject facility since 1971 within the meaning of California Health and Safety Code §19959. The aforementioned acts and omissions of Defendants constitute a denial of equal access to the use and enjoyment of the Defendants' facilities by people with disabilities.

26. Defendants' failure to fulfill their duties to provide full and equal access to their facilities by people with disabilities has caused Plaintiff to suffer deprivation of Plaintiff's civil rights, as well as other injuries.

27. As a result of Defendants' violations of Health and Safety Code §§19955, et seq., described herein, Plaintiff is entitled to and requests injunctive relief pursuant to Health and Safety Code §§19953, and to reasonable attorney's fees and costs.

## VII.

### FOURTH CLAIM FOR DECLARATORY RELIEF

28. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 27,

1  inclusive, as though set forth fully herein.
2      29.  An actual controversy now exists in that Plaintiff is
3  informed and believes and thereon alleges that Defendants'
4  premises are in violation of the disabled access laws of the
5  State of California including, but not limited to, Civil Code
6  §§51, et seq., §§52, et seq., §§54, et seq., Health and Safety
7  Code §§19950, et seq., Government Code §§4450, et seq. and
8  7250, et seq., Title 24 of the California Code of Regulations,
9  and/or Title III of the Americans with Disabilities Act and its
10 implementing Accessibility Regulations.
11     30.  A declaratory judgment is necessary and appropriate at
12 this time so that each of the parties may know their respective
13 rights and duties and act accordingly.

### VIII.
### FIFTH CLAIM FOR INJUNCTIVE RELIEF

16     31.  Plaintiff re-alleges and incorporates by reference
17 each and every allegation contained in paragraphs 1 through 30,
18 inclusive, as though set forth fully herein.
19     32.  Plaintiff will suffer irreparable harm unless
20 Defendants are ordered to remove architectural barriers at
21 Defendants' public accommodation, and/or to modify their
22 policies and practices regarding accommodating people with
23 disabilities.  Plaintiff has no adequate remedy at law to
24 redress the discriminatory conduct of Defendants.
25     33.  Plaintiff seeks injunctive relief to redress
26 Plaintiff's injuries.
27 ///
28 ///

## IX.

### JURY DEMAND

34. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a jury trial.

WHEREFORE, Plaintiff prays for judgment against the Defendants, CAR HEALTH PLAN, NATIONAL CITY COMMERCIAL CENTER and DOES 1 through 10, as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act, the Unruh Civil Rights Act and the Disabled Persons Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section;

2. That the Court declare the respective rights and duties of Plaintiff and Defendants as to the removal of architectural barriers at Defendants' public accommodations;

3. An order awarding Plaintiff actual, special and/or statutory damages for violation of his civil rights and for restitution including, but not limited to, damages pursuant to the applicable Civil Code Sections including, but not limited to, §§52 and 54.3 for each and every offense of Civil Code §§51 and 54;

4. An award of compensatory damages according to proof;

5. An award of up to three times the amount of actual damages pursuant to the Unruh Civil Rights Act and the Disabled Persons Act; and

6. An order awarding Plaintiff reasonable attorneys' fees

1 | and costs;
2 | 7. Such other and further relief as the Court deems
3 | proper.
4 | DATED: 4/3/08

LAW OFFICES OF AMY B. VANDEVELD

_____
AMY B. VANDEVELD,
Attorney for Plaintiff