1  MANUEL ARMANDO RIOS (SBN: 146038)
   ADRIENNE M. CARROLL (SBN: 234449)
2  **LAW OFFICE OF MANUEL ARMANDO RIOS**
   239 Laurel Street, Suite 101
3  San Diego, CA 92101-1473
   Telephone No.: 619-239-0920
4  Facsimile  No.: 619-239-RIOS

5  Attorney for DEFENDANT, CAR HEALTH PLAN, INC.

6

7

8                 UNITED STATES DISTRICT COURT

9            IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10 KAREL SPIKES,                    )   Case No.: 08 CV 0353 JAH (Wmc)
                                    )
11          Plaintiff,              )
                                    )
12 v.                               )   **DEFENDANT CAR HEALTH PLAN,**
                                    )   **INC.'S ANSWER TO PLAINTIFF'S**
13 CAR HEALTH PLAN, INC.; NATIONAL CITY)  **FIRST AMENDED CIVIL**
   COMMERCIAL CENTER, LLC and DOES 1)    **COMPLAINT**
14 THROUGH 10, Inclusive,           )
                                    )
15          Defendants.             )
                                    )
16 _____ )

17       Defendant CAR HEALTH PLAN, INC. (hereinafter "Defendant") hereby answers the

18 complaint of Plaintiff KAREL SPIKES (hereinafter referred to as "Plaintiff"), as follows:

19 1.   In response to Paragraphs 1, 2, and 3 of the complaint, Defendant admits that

20      Jurisdiction, Venue, and Supplemental Jurisdiction are as alleged.

21 2.   In response to Paragraph 4, Defendant admits that CAR HEALTH PLAN is a

22      corporation doing business in California at the subject property.  Defendant further

23      admits that it leases the property at 1504 National City Blvd., National City, CA from

24      Defendant NATIONAL CITY COMMERCIAL CENTER.  Defendant expressly denies

25      that it is the owner or lessor of the subject property.

26 3.   In response to Paragraph 5, Defendant does not have enough information to admit or

27      deny the allegations regarding Defendant NATIONAL CITY COMMERCIAL CENTER,

28      and on that basis, denies them.

4. In response to Paragraph 6, Defendant admits that it has a lessee/lessor relationship with Defendant NATIONAL CITY COMMERCIAL CENTER, with respect to the property located at 1504 National City Blvd., National City, CA. Defendant expressly denies all other allegations in this paragraph.

5. In response to Paragraph 7, Defendant does not have enough information to admit or deny the allegations in this paragraph and on that basis denies any and all allegations in this paragraph.

6. In response to Paragraph 8, Defendant admits that the premises underwent remodeling, repairs, or alterations sine 1971. Defendant expressly denies any and all other allegations in this paragraph.

7. In response to Paragraph 9, Defendant does not have enough information to admit or deny the allegations in this paragraph, and on that basis denies any and all allegations in this paragraph.

8. In response to Paragraph 10, Defendant expressly denies any and all allegations in this paragraph.

9. In response to Paragraph 11, Defendant expressly denies any and all allegations in this paragraph.

10. In response to Paragraph 12, Defendant does not have enough information to admit or deny the allegations in this paragraph, and on that basis denies any and all allegations in this paragraph.

11. In response to Paragraph 13, Defendant admits he will continue to operate his business, but expressly denies that the accommodations are inaccessible to Plaintiff and other individuals with disabilities.

12. In response to Paragraph 14, Defendant does not have enough information to admit or deny the allegations in this paragraph, and on that basis denies any and all allegations in this paragraph.

13. In response to Paragraph 15, Defendant expressly denies any and all allegations in this paragraph.

14. In response to Paragraph 16, Defendant expressly denies any and all allegations in this paragraph.
15. In response to Paragraph 17, Defendant expressly denies any and all allegations in this paragraph.
16. In response to Paragraph 18, Defendant expressly denies any and all allegations in this paragraph.
17. In response to Paragraph 19, Defendant expressly denies any and all allegations in this paragraph.
18. In response to Paragraph 20, Defendant expressly denies any and all allegations in this paragraph.
19. In response to Paragraph 21, Defendant expressly denies any and all allegations in this paragraph.
20. In response to Paragraph 22, Defendant expressly denies any and all allegations in this paragraph.
21. In response to Paragraph 23, Defendant expressly denies any and all allegations in this paragraph.
22. In response to Paragraph 24, Defendant expressly denies any and all allegations in this paragraph.
23. In response to Paragraph 25, Defendant expressly denies any and all allegations in this paragraph.
24. In response to Paragraph 26, Defendant expressly denies any and all allegations in this paragraph.
25. In response to Paragraph 27, Defendant expressly denies any and all allegations in this paragraph.
26. In response to Paragraph 28, Defendant expressly denies any and all allegations in this paragraph.
27. In response to Paragraph 29, Defendant expressly denies any and all allegations in this paragraph.

28. In response to Paragraph 30, Defendant expressly denies any and all allegations in this paragraph.

29. In response to Paragraph 31, Defendant expressly denies any and all allegations in this paragraph.

30. In response to Paragraph 32, Defendant expressly denies any and all allegations in this paragraph.

31. In response to Paragraph 33, Defendant expressly denies any and all allegations in this paragraph.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Failure to State a Cause of Action)

Defendants allege that the complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against this answering Defendants.

### Second Affirmative Defense

### (Laches)

Defendants allege that the complaint and each cause of action therein is barred by laches.

### Third Affirmative Defense

### (Consent)

Defendants allege that the complaint and each cause of action therein are barred on the ground that Plaintiff consented, either expressly or impliedly, to the acts and/or omissions alleged in the complaint.

### Fourth Affirmative Defense

### (Waiver)

Defendants allege that the complaint and each cause of action therein are barred on the ground that the Plaintiff knowingly and voluntarily waived, by conduct and/or writing, some or all of the claims alleged in the complaint against the answering Defendants.

///

**Fifth Affirmative Defense**

**(Estoppel)**

Defendants allege that the complaint and each cause of action therein are barred and Plaintiff is estopped by his word, conduct and/or written document, from bringing some or all of the claims alleged in the complaint against the answering Defendants.

**Sixth Affirmative Defense**

**(Ratification)**

Defendants allege that Plaintiff approved and/or ratified the conduct of the Defendants and each of them and is therefore estopped from asserting any claim based thereon.

**Seventh Affirmative Defense**

**(Unclean Hands)**

Defendants allege that the complaint and each cause of action therein are barred by the unclean hands of the Plaintiff.

**Eighth Affirmative Defense**

**(Statute of Limitations)**

Defendants allege that the complaint and each cause of action there in is barred by the applicable statute of limitations, including Code of Civil Procedure section 337.

**Ninth Affirmative Defense**

**(Failure to Mitigate Damages)**

Defendants allege that the complaint and each cause of action therein, and the damages sought therein, should be barred or reduced because plaintiff failed to mitigate his damages, if any.

**Tenth Affirmative Defense**

**(Failure to State Claim in Definite Terms)**

Defendants allege that the complaint and each cause of action therein are stated in conclusory terms.  Therefore, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Defendants hereby reserves his right to add

additional affirmative defenses if and to the extent such affirmative defenses are applicable to this action.

  **WHEREFORE**, Defendant prays:

  A. That Plaintiff take nothing by his complaint;

  B. For reasonable attorney fees;

  C. For costs of suit incurred herein; and

  D. For such other and further relief as the court deems just and proper.

Dated: May 1, 2008        **LAW OFFICE OF MANUEL ARMANDO RIOS**

               By: s/Adrienne M. Carroll
                  MANUEL ARMANDO RIOS
                  ADRIENNE M. CARROLL
                  Attorneys for CAR HEALTH PLAN, INC.,
                  Defendant
                  Email: adrienne@rioslawsd.com

**<u>CERTIFICATE OF SERVICE</u>**

  I certify that on May 1, 2008, I electronically transmitted this document to the Clerk's Office, using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following registrant:

Amy B. Vandeveld, Attorney for Plaintiff

                 s/Adrienne M. Carroll
                 Attorney for Defendant
                 E-mail: adrienne@rioslawsd.com