1   ROBERT R. MASSEY (SBN: 165548)
    ATTORNEY AT LAW
2   4540 Kearny Villa Road, Suite 118
    San Diego, CA 92123
3   Telephone:  (858) 541-0701
    Facsimile:  (858) 541-0709
4

5   Attorney for Defendant, NATIONAL CITY COMMERCIAL CENTER, LLC

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  KAREL SPIKES,                    CASE NO.:  08 CV 0353 JAH (WMc)

12              Plaintiff,           ANSWER TO FIRST AMENDED
                                     COMPLAINT ON BEHALF OF
13  v.                               NATIONAL CITY COMMERCIAL
                                     CENTER, LLC
14  CAR HEALTH PLAN, INC.;  NATIONAL
    CITY COMMERCIAL CENTER, LLC;  and
15  DOES 1 through 10, inclusive,    DEMAND FOR JURY TRIAL
                                     [F.R. CIV. P. RULE 38(b); L.R. 38.1]
16              Defendants.

17

18          Pursuant to Rule 8 of the Federal Rules of Procedure NATIONAL CITY COMMERCIAL

19  CENTER, LLC (hereinafter referred to as "NCCC" or "Defendant") answers the complaint filed by

20  Plaintiff KAREL SPIKES as follows:

21                                   I.

22                      JURISDICTION AND VENUE

23          1.      Defendant admits that jurisdiction and venue in this court, as alleged in paragraphs

24  1 and 2 of the complaint are proper.

25          2.      This Defendant answers paragraph 3 of the complaint by stating that this Defendant

26  is without sufficient knowledge or information to form a belief as to the truth of the allegations in

27  said paragraph, and on that basis, denies each and every allegation contained therein.

28  / / /

## II.

## THE PARTIES

3.      This Defendant answers paragraph 4 of the complaint by admitting that CAR HEALTH PLAN, INC. is located at 1504 and 1532 National City Boulevard, National City, CA, and denies each and every remaining allegation contained therein.

4.      This Defendant answers paragraph 5 of the complaint by admitting that this Defendant is the owner/lessor of the real property located at 1504 National City Boulevard, National City, CA.  This Defendant admits that co-defendant CAR HEALTH PLAN, INC. is the lessee/operator of a business and lacking sufficient knowledge or information, and on that basis, denies each and every  remaining allegation contained therein.

5.      This Defendant answers paragraph 6 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

6.      This Defendant answers paragraph 7 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

7.      This Defendant answers paragraph 8 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

## III.

## FACTS

8.      This Defendant answers paragraph 9 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

9.      This Defendant answers paragraph 10 of the complaint by denying that the CAR HEALTH PLAN, INC. premises located at 1504 National City Boulevard, National City, CA. ever had restroom facilities and lacking sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said paragraph, and on that basis denies each and every

remaining allegation contained therein.

10.    This Defendant answers paragraph 11 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

11.    This Defendant answers paragraph 12 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

12.    This Defendant answers paragraph 13 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

13.    This Defendant answers paragraph 14 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

14.    This Defendant answers paragraph 15 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

## IV.

## CLAIM I

15.    This Defendant answers paragraph 16 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

16.    This Defendant answers paragraph 17 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

17.    This Defendant answers paragraph 18 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

## V.

**CLAIM II**

18.     This Defendant answers paragraph 19 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

19.     This Defendant answers paragraph 20 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

20.     This Defendant answers paragraph 21 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

21.     This Defendant answers paragraph 22 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

22.     This Defendant answers paragraph 23 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

**VI.**

**CLAIM III**

23.     This Defendant answers paragraph 24 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

24.     This Defendant answers paragraph 25 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

25.     This Defendant answers paragraph 26 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

26.     This Defendant answers paragraph 27 of the complaint by stating that this Defendant

is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

**VII.**

**CLAIM IV**

27.    This Defendant answers paragraph 28 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

28.    This Defendant answers paragraph 29 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

29.    This Defendant answers paragraph 30 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

**VIII.**

**CLAIM V**

30.    This Defendant answers paragraph 31 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

31.    This Defendant answers paragraph 32 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

32.    This Defendant answers paragraph 33 of the complaint by stating that this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies each and every allegation contained therein.

/ / /

/ / /

/ / /

/ / /

### AFFIRMATIVE DEFENSES

AS TO EACH CLAIM  AND EACH ALLEGATION CONTAINED THEREIN

### FIRST AFFIRMATIVE DEFENSE

33.    Plaintiff comes to this court with unclean hands, and under the circumstances of this case, this limits or bars any recovery that may be had as against Defendant.

### SECOND AFFIRMATIVE DEFENSE

34.    Neither the complaint nor any cause of action therein states facts sufficient to constitute a claim for relief against Defendant.

### THIRD AFFIRMATIVE DEFENSE

35.    Plaintiff has failed to mitigate his damages, and to the extent of such failure to mitigate, any damages awarded to plaintiff should be reduced accordingly.

### FOURTH AFFIRMATIVE DEFENSE

36.    Plaintiff, by his actions and conduct, has failed to exercise reasonable care and diligence in his own behalf, thereby causing or contributing to his alleged damages. Plaintiff's recovery against Defendant, if any, must be reduced by the proportion of damages alleged caused by his own acts and conduct.

### FIFTH AFFIRMATIVE DEFENSE

37.    To the extent Plaintiff has suffered any damages as alleged in the complaint, the damages were caused by the negligence of fault of persons and entities other than Defendant. Plaintiff's right of recovery from Defendant, if any, must be reduced accordingly.

### SIXTH AFFIRMATIVE DEFENSE

38.    Plaintiff's alleged damages, if any, were caused by circumstances and conduct other than those alleged in the complaint.

### SEVENTH AFFIRMATIVE DEFENSE

39.    Plaintiff has not suffered any damages as a result of any actions taken by Defendant, or its agents, and Plaintiff is thus barred from asserting any cause of action against Defendant.

/ / /

1

**EIGHTH AFFIRMATIVE DEFENSE**

2      40.      Plaintiffs are "professional plaintiffs". The sole intent of visiting the restaurant

3      was to try to create a lawsuit and they should therefor be stopped from recovering on any claim

4      for damages.

5

**NINTH AFFIRMATIVE DEFENSE**

6      41.      For a further separate and distinct defense, Defendant alleges that to require

7      modification of this property to comply with the Americans With Disabilities Act would

8      constitute an unreasonable hardship upon this Defendant and are not readily achievable.

9

**TENTH AFFIRMATIVE DEFENSE**

10      42.      Plaintiff consented to the conduct about which he now complains. Plaintiff's

11      consent bars any recovery as alleged in the complaint.

12

**ELEVENTH AFFIRMATIVE DEFENSE**

13      43.      Plaintiff's claims are barred because Defendant performed or is in the process of

14      performing all readily achievable architectural barrier removal required by law.

15

**TWELFTH AFFIRMATIVE DEFENSE**

16      44.      Plaintiff's claims are barred because Defendant remedied or is in the process of

17      remedying any access barrier with alternative methods of access.

18

**THIRTEENTH AFFIRMATIVE DEFENSE**

19      45.      Plaintiff's claims are barred because removal of any alleged access barrier is not

20      readily achievable and no alternative method of access could be provided without fundamentally

21      altering the nature of the goods, services and facilities being provided.

22

**FOURTEENTH AFFIRMATIVE DEFENSE**

23      46.      At all relevant times, Defendant has met all statutory obligations owed to

24      Plaintiff, or any other persons with disabilities, if any, and therefore Plaintiff's claims are barred.

25

**FIFTEENTH AFFIRMATIVE DEFENSE**

26      47.      Defendant is informed, believes, and based thereon alleges that some or all of

27      Plaintiff's claims for relief are moot and this court therefore lacks jurisdiction.

28      / / /

**SIXTEENTH AFFIRMATIVE DEFENSE**

48.     This court lacks subject matter jurisdiction over this matter because there is no actionable wrong arising under the ADA, 42 U.S.C. Sections 12101, *et seq*.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

49.     Plaintiff's causes of action are barred by the doctrine of waiver because Plaintiff has refused reasonable and appropriate measures which have permitted Plaintiff the same access as that provided to the general public.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

50.     Plaintiff lacks standing to maintain this action under the ADA and the California Persons With Disabilities Act.

**NINETEENTH AFFIRMATIVE DEFENSE**

51.     Plaintiff lacks standing to maintain this cause of action on behalf of the general public.

**TWENTIETH AFFIRMATIVE DEFENSE**

52.     Pursuant to law and contract, Defendant is not responsible for any access violations.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

53.     Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    **WHEREFORE**, Defendant prays that plaintiffs

2    1.    take nothing by their complaint;

3    2.    for costs of suit; and

4    3.    for other and further relief in Defendant's favor as the court deems proper.

5    Dated: January 16, 2008        LAW OFFICES OF ROBERT R. MASSEY

6

7                    By:    s/ Robert R. Massey
                            ROBERT R. MASSEY
8                           Attorney for Defendant,
                            NATIONAL CITY COMMERCIAL CENTER, LLC
9

10                    **DEMAND FOR JURY TRIAL**

11          Defendant NATIONAL CITY COMMERCIAL CENTER, LLC hereby demands

12   that it be provided a jury to serve as the trier of fact of all issues pertaining to this case.

13   Dated: January 16, 2008        LAW OFFICES OF ROBERT R. MASSEY

14

15                    By:    s/ Robert R. Massey
                            ROBERT R. MASSEY
16                          Attorney for Defendant,
                            NATIONAL CITY COMMERCIAL CENTER, LLC
17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

    I am over the age of eighteen years and not a party to the within action. I am employed in the County of San Diego, California,  where the mailing occurs; and my business address is  4540 Kearny Villa Road, Suite 118, San Diego, California  92123

    On May 2, 2008, I served the foregoing document(s) described as **ANSWER TO FIRST AMENDED COMPLAINT ON BEHALF OF NATIONAL CITY COMMERCIAL CENTER, LLC** on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

Amy B. Vandeveld, Esq.
Law Offices of Amy B. Vandeveld,
1850 Fifth Avenue, Suite 22
San Diego, CA 92101

Car Health Plan, Inc.
1504 National City Boulevard
National City, CA 91950

(X)    **BY MAIL.**  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure § 1013(a).

    Executed this May 2, 2008,  at San Diego,  California.  I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

                s/ Robert R. Massey
                Robert R. Massey

1   ROBERT R. MASSEY (SBN: 165548)
    ATTORNEY AT LAW
2   4540 Kearny Villa Road, Suite 118
    San Diego, CA 92123
3   Telephone: (858) 541-0701
    Facsimile: (858) 541-0709
4

5   Attorney for Defendant / Cross-Complainant
    NATIONAL CITY COMMERCIAL CENTER, LLC
6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  KAREL SPIKES,                        CASE NO.: 08 CV 0353 JAH (WMc)

12              Plaintiff,               CROSS-COMPLAINT/THIRD PARTY
                                         COMPLAINT FOR INDEMNITY,
13  v.                                   CONTRIBUTION AND
                                         APPORTIONMENT, AND
14  CAR HEALTH PLAN, INC.; NATIONAL      DECLARATORY RELIEF
    CITY COMMERCIAL CENTER, LLC; and
15  DOES 1 through 10, inclusive,
                                         DEMAND FOR JURY TRIAL
16              Defendants.              [F.R. CIV. P. RULE 38(b); L.R. 38.1]

17  ─────────────────────────────
    NATIONAL CITY COMMERCIAL
18  CENTER, LLC,

19              Cross-Complainant,

20  v.

21  CAR HEALTH PLAN, INC.; VIRGILLIO M.
    SIMBULAN; and ROES 1-10, Inclusive,
22
                Cross-Defendants.
23

24

25      Cross-Complainant, NATIONAL CITY COMMERCIAL CENTER, LLC, is informed and

26  believes and thereon alleges against cross-defendants CAR HEALTH PLAN, INC. and VIRGILLIO

27  M. SIMBULAN, as follows:

28  / / /

    ─────────────────────────────────────────────────────────

# FIRST CAUSE OF ACTION

(Contractual Indemnity)

54.    Cross-complainant, NATIONAL CITY COMMERCIAL CENTER, LLC ("NCCC"), is and was at all times relevant to the cross-complaint a limited liability company doing business in the County of San Diego, State of California.

55.    Cross-complainant is informed and believes and thereon alleges that, cross-defendant, CAR HEALTH PLAN, INC. ("CAR HEALTH PLAN"), is, and at all times relevant to this cross-complaint was, a California Corporation doing business in the County of San Diego, State of California.

56.    Cross-complainant is informed and believes and thereon alleges that, cross-defendant, VIRGILLIO M. SIMBULAN ("SIMBULAN"), is, and at all times relevant to this cross-complaint was, a resident of the County of San Diego, State of California.

57.    Cross-complainant is ignorant of the true names and capacities of cross-defendants sued herein as ROES 1 - 10, Inclusive, and therefore sues these cross-defendants by such fictitious names. Cross-complainant will amend this cross-complaint to allege their true names and capacities when ascertained.

58.    Cross-complainant is informed and believes and thereon alleges that, each of the fictitiously named cross-defendants is indebted to cross-complainant and responsible in some manner to cross-complainant as more fully alleged below.  At all times herein mentioned, each of the cross-defendants was acting as the agent for each of the other cross-defendants and at all times was acting within the course and scope of such agency relationship.

59.    In and around 2003, NCCC became owner of the real property located at 1504 National City Boulevard, National City, CA,

60.    Cross-complainant is informed and believes and thereon alleges that, in 1997, NCCC'S predecessor in interest entered into a lease with SIMBULAN.

61.    Cross-complainant is informed and believes and thereon alleges that, in and around 2000, CAR HEALTH PLAN incorporated and stated doing business at 1504 National City Boulevard, National City, CA.

62.     Cross-complainant is informed and believes and thereon alleges that, SIMBULAN is the owner CAR HEALTH PLAN.

63.     Said lease contains the following Hold Harmless provision:

Tenant shall indemnify and hold Landlord harmless from any and against all claims arising from Tenant's use or occupancy of the premises or from the conduct of its business or from any activity, work, or things which may be permitted or suffered by Tenant in or about the premises including all damages, costs, attorneys fees, expenses and liabilities incurred in the defense of any claim or action or proceeding arising therefrom.

64.     Cross-complainant has been named as a defendant in the First Amended Complaint filed by KAREL SPIKES ("SPIKES"), which alleges that cross-complainant is liable therein for, inter alia, damages based upon allegations of violations related to the Americans with Disabilities Act of 1990. Cross-complainant denies and continues to deny that it was in any way responsible for the damages, if any, suffered by plaintiff, SPIKES.

65.     If it is found that cross-complainant is liable as alleged by plaintiff, SPIKES, then cross-complainant alleges that said liability is passive and vicarious in nature.

66.     Cross-complainant further alleges that cross-defendants, and each of them, were actively and affirmatively at fault and liable; that said active and affirmative conduct on the part of the cross-defendants, and each of them, was the proximate cause of the injuries and damages allegedly sustained by plaintiff, SPIKES, herein.

67.     By reason of the foregoing, cross-complainant has a right of contractual indemnity over and against said cross-defendants, and each of them, based upon the cross-defendants lease with Cross-complainant.  Cross-defendants, and each of them, owe to cross-complainant the duty to hold cross-complainant harmless from any and all claims and liabilities which cross-complainant may be obligated to pay plaintiff, SPIKES, by judgment or settlement. Further said cross-defendants, and each of them, owe to cross-complainant a duty of reimbursing cross-complainant for its costs and expenses incurred in investigating and defending the claims of plaintiff SPIKES, herein, including reasonable attorney's fees.

///

///

**SECOND CAUSE OF ACTION**

(Contribution and Apportionment)

68.     Cross-complainant realleges and incorporates herein by reference, Paragraphs 1 through 13, inclusive, of the First Cause of Action as though fully set forth herein.

69.     Cross-complainant denies the allegations of plaintiff, SPIKES, as they apply to cross-complainant and denies that it is liable to plaintiff, SPIKES, but if plaintiff, SPIKES, sustained injuries and damages by reason as alleged in the second amended complaint, then said injuries and damages were caused in whole or in party by the negligence, fault or other tortious conduct of cross-defendants herein, and each of them.   By reason of the foregoing, cross-complainant is entitled to partial indemnification from cross-defendants, and each of them, on a comparative fault based on an amount equal to the percentage which the contributing negligent conduct of each cross-defendant bears to the total verdict or judgment.

**THIRD CAUSE OF ACTION**

(Declaratory Relief)

70.     Cross-complainant realleges and incorporates herein by reference, the allegations in Paragraphs 1 through 10 of his First and Second Causes of Action as though folly set forth herein.

71.     There presently exists a controversy between cross-complainant and cross-defendants, and each of them, and cross-complainant contends that if plaintiff, SPIKES, sustained injuries and damages as alleged in his First Amended Complaint, and is entitled to recover against cross-complainant, then cross-complainant is entitled to be indemnified by cross-defendants, and each of them, in any amounts which cross-complainant is obligated to pay to plaintiff, SPIKES, or is entitled to a declaration of comparative fault of cross-complainant and cross-defendants, and each of them, whereas cross-defendants dispute and deny the contentions of cross-complainant and assert that they have no obligation to cross-complainant in this circumstance.   Accordingly, a declaration of this court is necessary to determine the rights and obligations existing between cross-complainant and cross-defendants, and each of them, because it will avoid a subsequent action and allow all disputes between the parties to he resolved in a single action.

/ / /

1    **WHEREFORE**, cross-complainant prays ibm judgment against cross-defendants, and each

2    of them, as follows:

3        1.      On the First Cause of Action that cross-complainant be entitled to contractual

4    indemnity from the cross-defendants, and each of them;

5        2.      On the Second Cause of Action that cross-complainant be entitled to equitable

6    indemnity, apportionment and contribution from the cross-defendants, and each of them, in

7    accordance with their respective fault;

8        3.      On the Third Cause of Action that cross-complainant be entitled to a judicial

9    determination of the respective rights of the cross-complainant and the duties of the

10   cross-defendants, and each of them, relating to the cross-complainant's claim of express contractual

11   indemnity, implied contractual indemnity, equitable indemnity, apportionment and contribution and

12   damages for breach of express and implied warranties as against the cross-defendants, and each of

13   them;

14       4.      For attorney's fees and costs incurred herein;

15       5.      For costs of suit herein incurred; and

16       6.      For such other and further relief as the court deems just and proper.

17   Dated: May 2, 2008                    LAW OFFICES OF ROBERT R. MASSEY

18

19                          By:     s/ Robert R. Massey
                                    ROBERT R. MASSEY
20                                  Attorney for Defendant / Cross-Complainant,
                                    NATIONAL CITY COMMERCIAL CENTER, LLC
21

22                        **DEMAND FOR JURY TRIAL**

23       Defendant NATIONAL CITY COMMERCIAL CENTER, LLC hereby demands that

24   it be provided a jury to serve as the trier of fact of all issues pertaining to this case.

25   Dated: May 2, 2008                    LAW OFFICES OF ROBERT R. MASSEY

26

27                          By:     s/ Robert R. Massey
                                    ROBERT R. MASSEY
28                                  Attorney for Defendant / Cross-Complainant,
                                    NATIONAL CITY COMMERCIAL CENTER, LLC

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

     I am over the age of eighteen years and not a party to the within action. I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 4540 Kearny Villa Road, Suite 118, San Diego, California 92123

     On May 2, 2008, I served the foregoing document(s) described as **CROSS-COMPLAINT/THIRD PARTY COMPLAINT FOR INDEMNITY, CONTRIBUTION AND APPORTIONMENT, AND DECLARATORY RELIEF** on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

Amy B. Vandeveld, Esq.
Law Offices of Amy B. Vandeveld,
1850 Fifth Avenue, Suite 22
San Diego, CA 92101

Car Health Plan, Inc.
1504 National City Boulevard
National City, CA 91950

(X)    **BY MAIL.** I am readily familiar with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure § 1013(a).

     Executed this May 2, 2008, at San Diego, California. I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

                        s/ Robert R. Massey
                        Robert R. Massey