1  MANUEL ARMANDO RIOS (SBN: 146038)
   ADRIENNE M. CARROLL (SBN: 234449)
2  **LAW OFFICE OF MANUEL ARMANDO RIOS**
   239 Laurel Street, Suite 101
3  San Diego, CA 92101-1473
   Telephone No.: 619-239-0920
4  Facsimile   No.: 619-239-RIOS

5  Attorney for CROSS-DEFENDANT, CAR HEALTH PLAN, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9              IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10 KAREL SPIKES,                              )   Case No.: 08 CV 0353 JAH (WMc)
                                              )
11          Plaintiff,                        )
                                              )
12 v.                                         )   **CROSS-DEFENDANT CAR HEALTH
                                              )   PLAN, INC.'S ANSWER TO CROSS-**
13 CAR HEALTH PLAN, INC.; NATIONAL CITY)      **COMPLAINT FOR INDEMNITY,**
   COMMERCIAL CENTER, LLC and DOES 1)         **CONTRIBUTION AND**
14 THROUGH 10, Inclusive,                     )   **APPORTIONMENT, AND**
                                              )   **DECLARATORY RELIEF**
15 _____Defendants                       )
                                              )
16 NATIONAL CITY COMMERCIAL CENTER, LLC,)
                                              )
17          Cross-Complainant,                )
                                              )
18 v.                                         )
                                              )
19 CAR HEALTH PLAN, INC.; VIRGILLIO M.)
   SIMBULAN; and ROES 1-10, Inclusive,        )
20                                            )
            Cross-Defendants.                 )
21                                            )

22        Cross-Defendant CAR HEALTH PLAN, INC. (hereinafter "CHP") hereby answers the

23 cross-complaint of Cross-Complainant NATIONAL CITY COMMERCIAL CENTER, LLC

24 (hereinafter referred to as "NCCC"), as follows:

25 1.     In response to Paragraph 54, Cross-Defendant does not have enough information to

26        admit or deny the allegations regarding NATIONAL CITY COMMERCIAL CENTER,

27        and on that basis, denies them.

28 ///

2. In response to Paragraph 55, CHP admits that it is a California corporation.

3. In response to Paragraph 56, CHP admits the allegations of this paragraph.

4. In response to Paragraph 57, CHP does not have enough information to admit or deny the allegations in this paragraph and on that basis denies any and all allegations in this paragraph.

5. In response to Paragraph 58, CHP does not have enough information to admit or deny the allegations in this paragraph and on that basis denies any and all allegations in this paragraph.

6. In response to Paragraph 59, CHP does not have enough information to admit or deny the allegations in this paragraph and on that basis denies any and all allegations in this paragraph.

7. In response to Paragraph 60, CHP admits these allegations.

8. In response to Paragraph 61, CHP admits these allegations.

9. In response to Paragraph 62, CHP admits these allegations.

10. In response to Paragraph 63, CHP admits these allegations.

11. In response to Paragraph 64, CHP admits that Cross-complainant was named as a Defendant in the First Amended Complaint filed by KAREL SPIKES in this action. CHP does not have enough information to admit or deny the balance of the allegations in this paragraph and on that basis denies those allegations not expressly admitted.

12. In response to Paragraph 65, CHP does not have enough information to admit or deny the allegations in this paragraph and on that basis denies any and all allegations in this paragraph.

13. In response to Paragraph 66, CHP expressly denies all allegations of this paragraph.

14. In response to Paragraph 67, CHP expressly denies all allegations of this paragraph.

15. In response to Paragraph 68, CHP admits these allegations.

16. In response to Paragraph 69, CHP expressly denies all allegations of this paragraph.

17. In response to Paragraph 70, CHP admits these allegations.

18. In response to Paragraph 71, CHP admits that there is a controversy between cross-complainant and cross-defendants and admits that a declaration of this court is necessary to determine the rights and obligations existing between the cross-complainant and cross-defendants to avoid a subsequent action and for all disputes between the parties to be resolved in a single action. CHP expressly denies the balance of the allegations of this paragraph, not expressly admitted herein.

## CROSS-DEFENDANT'S AFFIRMATIVE DEFENSES

As to each claim and each allegation contained in the Cross-Complaint, Cross-Defendant make the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

19. Cross-Complainant comes to this court with unclean hands, and under the circumstances of this case, this limits or bars any recovery that may be had as against answering Cross-Defendant.

### SECOND AFFIRMATIVE DEFENSE

20. The Cross-Complaint and all causes of action therein fail to state facts sufficient to constitute a claim for relief against this answering Cross-Complainant.

### THIRD AFFIRMATIVE DEFENSE

21. Cross-Complainant has failed to mitigate its damages, and to the extent of such failure to mitigate, any damages awarded to Cross-Complainant should be reduced accordingly.

### FOURTH AFFIRMATIVE DEFENSE

22. Cross-Complainant by its actions and conduct, has failed to exercise reasonable care and diligence on its own behalf, thereby causing or contributing to its alleged damages. Cross-Complainant's recovery against Cross-Defendant, if any, must be reduced by the proportion of damages alleged caused by its own acts and conduct.

### FIFTH AFFIRMATIVE DEFENSE

23. To the extent Cross-Complainant has or will suffer any damages as alleged in the Cross-Complaint, which Cross-Defendant expressly denies, those damages were

1 caused by the negligence or fault of persons and/or entities other than answering
2 Cross-Defendant, and therefore Cross-complainants right to recovery from answering
3 Cross-Defendant must be reduced accordingly.

**SIXTH AFFIRMATIVE DEFENSE**

24. Cross-Complainant has not suffered any damages as a result of any actions taken by answering Cross-Defendant, or its agents, and Cross-Complainant is thereby barred from asserting any cause of action against answering Cross-Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

25. Cross-Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Cross-Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that such defenses would be appropriate.

**WHEREFORE**, Cross-Defendant prays:

A. That Cross-Complainant take nothing by its Cross-Complaint;

B. For reasonable attorney fees;

C. For costs of suit incurred herein; and

D. For such other and further relief as the court deems just and proper.

Dated: May 30, 2008         **LAW OFFICE OF MANUEL ARMANDO RIOS**

By:   s/Adrienne M. Carroll
MANUEL ARMANDO RIOS
ADRIENNE M. CARROLL
Attorneys for CAR HEALTH PLAN, INC.,
Defendant
Email: adrienne@rioslawsd.com

///
///
///
///
///
///

**CERTIFICATE OF SERVICE**

I certify that on May 30, 2008, I electronically transmitted this document to the Clerk's Office, using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following registrant:

Amy B. Vandeveld, Attorney for Plaintiff

Robert R. Massey, Attorney for Defendant and Cross-Complainant, NCCC

                                                  s/Adrienne M. Carroll
                                                Attorney for Defendant
                                                E-mail: adrienne@rioslawsd.com