MANUEL ARMANDO RIOS (SBN: 146038)
ADRIENNE M. CARROLL (SBN: 234449)
**LAW OFFICE OF MANUEL ARMANDO RIOS**
239 Laurel Street, Suite 101
San Diego, CA 92101-1473
Telephone No.: 619-239-0920
Facsimile  No.: 619-239-RIOS

Attorney for CROSS-DEFENDANT, VIRGILIO M. SIMBULAN (erroneously sued as "VIRGILLIO M. SIMBULAN")

UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREL SPIKES,<br><br>        Plaintiff,<br><br>v.<br><br>CAR HEALTH PLAN, INC.; NATIONAL CITY COMMERCIAL CENTER, LLC and DOES 1 THROUGH 10, Inclusive,<br><br>        Defendants<br>_____<br>NATIONAL CITY COMMERCIAL CENTER, LLC,<br><br>        Cross-Complainant,<br><br>v.<br><br>CAR HEALTH PLAN, INC.; VIRGILLIO M. SIMBULAN; and ROES 1-10, Inclusive,<br><br>        Cross-Defendants. | Case No.: 08 CV 0353 JAH (WMc)<br><br>**CROSS-DEFENDANT VIRGILIO M. SIMBULAN'S ANSWER TO CROSS-COMPLAINT FOR INDEMNITY, CONTRIBUTION AND APPORTIONMENT, AND DECLARATORY RELIEF** |

    Cross-Defendant VIRGILIO M. SIMBULAN (erroneously sued as "VIRGILLIO M. SIMBULAN", hereinafter "SIMBULAN") hereby answers the cross-complaint of Cross-Complainant NATIONAL CITY COMMERCIAL CENTER, LLC (hereinafter referred to as "NCCC"), as follows:

1.      In response to Paragraph 54, Cross-Defendant does not have enough information to admit or deny the allegations regarding NATIONAL CITY COMMERCIAL CENTER, and on that basis, denies them.

2. In response to Paragraph 55, SIMBULAN admits that CAR HEALTH PLAN, INC. is a California corporation.

3. In response to Paragraph 56, SIMBULAN admits the allegations of this paragraph.

4. In response to Paragraph 57, SIMBULAN does not have enough information to admit or deny the allegations in this paragraph and on that basis denies any and all allegations in this paragraph.

5. In response to Paragraph 58, SIMBULAN does not have enough information to admit or deny the allegations in this paragraph and on that basis denies any and all allegations in this paragraph.

6. In response to Paragraph 59, SIMBULAN does not have enough information to admit or deny the allegations in this paragraph and on that basis denies any and all allegations in this paragraph.

7. In response to Paragraph 60, SIMBULAN admits these allegations.

8. In response to Paragraph 61, SIMBULAN admits these allegations.

9. In response to Paragraph 62, SIMBULAN admits these allegations.

10. In response to Paragraph 63, SIMBULAN admits these allegations.

11. In response to Paragraph 64, SIMBULAN admits that Cross-complainant was named as a Defendant in the First Amended Complaint filed by KAREL SPIKES in this action. SIMBULAN does not have enough information to admit or deny the balance of the allegations in this paragraph and on that basis denies those allegations not expressly admitted.

12. In response to Paragraph 65, SIMBULAN does not have enough information to admit or deny the allegations in this paragraph and on that basis denies any and all allegations in this paragraph.

13. In response to Paragraph 66, SIMBULAN expressly denies all allegations of this paragraph.

14. In response to Paragraph 67, SIMBULAN expressly denies all allegations of this paragraph.

15. In response to Paragraph 68, SIMBULAN admits these allegations.

16. In response to Paragraph 69, SIMBULAN expressly denies all allegations of this paragraph.

17. In response to Paragraph 70, SIMBULAN admits these allegations.

18. In response to Paragraph 71, SIMBULAN admits that there is a controversy between cross-complainant and cross-defendants and admits that a declaration of this court is necessary to determine the rights and obligations existing between the cross-complainant and cross-defendants to avoid a subsequent action and for all disputes between the parties to be resolved in a single action. SIMBULAN expressly denies the balance of the allegations of this paragraph, not expressly admitted herein.

**CROSS-DEFENDANT'S AFFIRMATIVE DEFENSES**

As to each claim and each allegation contained in the Cross-Complaint, Cross-Defendant make the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

19. Cross-Complainant comes to this court with unclean hands, and under the circumstances of this case, this limits or bars any recovery that may be had as against answering Cross-Defendant.

**SECOND AFFIRMATIVE DEFENSE**

20. The Cross-Complaint and all causes of action therein fail to state facts sufficient to constitute a claim for relief against this answering Cross-Complainant.

**THIRD AFFIRMATIVE DEFENSE**

21. Cross-Complainant has failed to mitigate its damages, and to the extent of such failure to mitigate, any damages awarded to Cross-Complainant should be reduced accordingly.

**FOURTH AFFIRMATIVE DEFENSE**

22. Cross-Complainant by its actions and conduct, has failed to exercise reasonable care and diligence on its own behalf, thereby causing or contributing to its alleged damages. Cross-Complainant's recovery against Cross-Defendant, if any, must be

reduced by the proportion of damages alleged caused by its own acts and conduct.

**FIFTH AFFIRMATIVE DEFENSE**

23. To the extent Cross-Complainant has or will suffer any damages as alleged in the Cross-Complaint, which Cross-Defendant expressly denies, those damages were caused by the negligence or fault of persons and/or entities other than answering Cross-Defendant, and therefore Cross-complainants right to recovery from answering Cross-Defendant must be reduced accordingly.

**SIXTH AFFIRMATIVE DEFENSE**

24. Cross-Complainant has not suffered any damages as a result of any actions taken by answering Cross-Defendant, or its agents, and Cross-Complainant is thereby barred from asserting any cause of action against answering Cross-Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

25. Cross-Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Cross-Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that such defenses would be appropriate.

**WHEREFORE**, Cross-Defendant prays:

A. That Cross-Complainant take nothing by its Cross-Complaint;

B. For reasonable attorney fees;

C. For costs of suit incurred herein; and

D. For such other and further relief as the court deems just and proper.

Dated: May 30, 2008        **LAW OFFICE OF MANUEL ARMANDO RIOS**

By:   s/Adrienne M. Carroll
      MANUEL ARMANDO RIOS
      ADRIENNE M. CARROLL
      Attorneys for VIRGILIO M. SIMBULAN, Cross-Defendant
      Email: adrienne@rioslawsd.com

///

///

1 **CERTIFICATE OF SERVICE**

2      I certify that on May 30, 2008, I electronically transmitted this document to the

3 Clerk's Office, using the CM/ECF system for filing and transmittal of a Notice of Electronic

4 Filing to the following registrant:

5 Amy B. Vandeveld, Attorney for Plaintiff

6 Robert R. Massey, Attorney for Defendant and Cross-Complainant, NCCC

7

8                                             s/Adrienne M. Carroll
                                            Attorney for Cross-Defendant
9                                             E-mail: adrienne@rioslawsd.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28